IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PAUL HOLLIDAY AND SEANNE HOLLIDAY | ) ) ) |
| v. | ) CIVIL ACTION NO: 2:18-cv-6-RMG ) |
| UNITED STATES OF AMERICA | ) |

_____

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Paul Holliday and Seanne Holliday and file this Original Complaint against the United States of America and, in support of their causes of action, respectfully show the Court the following:

**JURISDICTION, PARTIES AND VENUE**

1. This is a medical malpractice case brought under the Federal Tort Claims Act for severe and permanent injuries arising out of negligent acts or omissions of employees, agents, apparent agents, servants, or representatives of the United States while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs under the laws of the State of South Carolina where the acts and/or omissions occurred. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.     At all times relevant to these matters, the employees, agents, apparent agents, servants or representatives of the United States were subject to the United States' right to control, including substantial supervision and direction over their day-to-day activities.

3.     The Plaintiffs, Paul Holliday and Seanne Holliday are husband and wife and reside in South Carolina.

4.     At all times relevant to this Complaint, the Defendant, the United States of America, was the employer of health care providers who administered care and treatment to Paul Holliday while he was a patient at the Ralph H. Johnson Veterans' Administration Hospital.

5.     The United States of America is a Defendant.

6.     The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Beth Drake, Acting United States Attorney for the District of South Carolina, and designated agent for service of process at 1441 Main Street, Suite 500, Columbia, South Carolina; by serving a copy of the Summons and Complaint on Attorney General for the United States of America Jefferson Sessions, by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Avenue, Room 341, Washington D.C. 20530, to the attention of the Civil Division; and by serving a copy of the Summons on the Office of Veterans Affairs, Chief Counsel, care of Reshawna Banks, Southeast District North, 1700 Clairmont Road, Decatur, Georgia 30033.

7.     Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391 (a)(l) and (c) as the United States is a Defendant

and because all or part of the cause of action accrued in this District.

## LIABILITY OF THE UNITED STATES OF AMERICA

8.     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claim Act." Liability of the United States is predicated specifically on title 28 U.S.C. §§1346(b)(l) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts or omissions of the employees of the United States at Ralph H. Johnson VA Hospital, Charleston, South Carolina, (hereinafter Johnson VA) while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of South Carolina.

9.     The Veterans Administration is an agency of the United States of America. The United States of America, Defendant, through its agency, the Veterans Administration, at all times material hereto, owned, operated, and controlled the health care facility known as Ralph H. Johnson VA Hospital, and staffed the health care facility with agents, servants, and/or employees.

## JURISDICTIONAL PREREQUISITES

10.    On June 9, 2016, Plaintiffs submitted an Administrative Claim on Form 95 to the appropriate claims officer in the Veterans Administration. The claim was acknowledged by the agency on June 15, 2016. On September 25, 2017, the Veterans Administration denied the claim. Plaintiffs have complied with all jurisdictional prerequisites and conditions

precedent to commencement and prosecution of this litigation.

## BACKGROUND
## FACTS

11. This is a case of medical malpractice in which Paul Holliday suffered permanent injury due to improper medical care following prostate surgery.

12. On May 27, 2015, Paul Holliday was admitted to the Ralph H. Johnson VA Medical Center for prostate surgery. The surgery occurred on May 28, 2015 and Mr. Holliday was discharged on May 29, 2015. Although Mr. Holliday was at risk for pulmonary emboli, no prophylactic anti-coagulants were prescribed.

13. Following discharge, Mr. Holliday developed shortness of breath, presented to a non-VA facility for emergency care, and was transferred to Johnson VA on June 2, 2015.

14. Mr. Holliday was found to be suffering from a pulmonary embolus and was hospitalized at the VA Hospital from June 2 until June 19, 2015.

15. During that hospitalization, Mr. Holliday developed abdominal pain and constipation.

16. In an attempt to relieve the constipation, hospital personnel administered a soap suds enema and performed a manual disempaction. Those maneuvers involved manipulation of Mr. Holliday's rectal tissue, and were done without consultation with a urologist or other surgeon.

17. Shortly following the enema and attempt at manual disempaction, Mr. Holliday began experiencing rectal bleeding.

18. Mr. Holliday was discharged from the VA Hospital. He began to experience

pneumaturia (gas discharge from the penis), leakage and urinary urgency.

19.     On August 11, 2015, Mr. Holliday was diagnosed, by ultrasound, with a vesico-rectal fistula.

20.     In order to cure the fistula, health care providers at the VA Hospital performed a biopsy of the fistula tract, a loop ileostomy, surgical repair of the fistula, and reversal of ileostomy, all between September, 2015 and February, 2016.

21.     From March 4 through March 8, 2016, Mr. Holliday was again admitted to the VA Hospital, this time for treatment of cholangitis.

22.     On March 29, 2016, Mr. and Mrs. Holliday were asked to come to the VA Hospital, where they met with Sandra All, Risk Manager for the hospital and Florence Hutchinson, M.D., chief of staff of the hospital. The hospital personnel discussed concern that the urology staff were not informed of Mr. Holliday's readmission to the hospital and discussed the "unfortunate development of recto-vesical fistula following robotic prostatectomy."

## CLAIM FOR NEGLIGENCE OF DEFENDANTS

23.     The defendant, the United States of America, by and through its agents, apparent agents, employees, servants, and representatives undertook the duty to provide proper medical care to Paul Holliday, with the level of care, skill and treatment that is recognized as acceptable and appropriate by reasonable and prudent health care providers.

24.     Notwithstanding these duties undertaken by the Defendant, the Defendant breached the duties to Paul Holliday by engaging in at least the following acts or omissions which deviated from and fell below the accepted standards of medical care:

    a) by failing to prescribe prophylactic anti-coagulant medications following the prostate surgery;

    b) by failing to alert hospital staff that urology should be consulted if any complications the prostate surgery failed;

    c) by failing to consult with urology when Mr. Holliday was readmitted;

    d) by performing manipulation of tissues recently exposed to surgery; and

    e) in such other ways as the evidence may show.

25. Had the healthcare providers care for Mr. Holliday acted in accordance with the standard of care, the injuries to Mr. Holliday would have been avoided.

## DAMAGES

26. As a direct and proximate result of the Defendant's acts and/or omissions as set forth above, Mr. Holliday sustained severe and painful injuries with significant physical pain and suffering, emotional distress and loss of enjoyment of life.

27. Seanne Holliday, as a direct and proximate result of the injuries to her husband, has lost consortium.

## PRAYER FOR RELIEF

28. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this case proceed to trial, and that Plaintiffs receive a judgement against Defendant for actual damages in such amount as the evidence may show is sufficient to compensate them for their injuries and damages, post-judgment interest, costs, and all other and further relief to which Plaintiffs may entitled.

Respectfully submitted,

/s/ Kenneth M. Suggs
Kenneth M. Suggs, Bar No.: 3422
Gerald D. Jowers, Jr., Bar No.: 8025
Janet, Jenner & Suggs, LLC
500 Taylor St., Suite 301
Columbia, SC 29201
(803) 726-0050
(803) 727-1059 (FAX)