IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Paul Holliday and Seanne Holliday, | ) | Civil Action No. 2:18-0006-RMG |
| Plaintiffs, | ) ) ) | |
| vs. | ) | **ORDER AND OPINION** |
| United States of America, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court is the United States of America's partial motion to dismiss. (Dkt. No. 35.) For the reasons set forth below, the motion is denied.

## I. Background

Plaintiffs bring this medical malpractice claim against the United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, for alleged personal injuries sustained by Paul Holliday relating to a May 2015 prostate surgery conducted at the Ralph H. Johnson VA Medical Center-Charleston. (Dkt. No. 1 ¶¶ 11-22.) The Government now moves to dismiss for lack of subject-matter jurisdiction "some of the theories of relief alleged" as found in paragraph 24 of the Complaint. At issue is whether Plaintiffs satisfied the administrative exhaustion requirement of the FTCA before bringing suit by first sufficiently presenting the claim to the Veterans Administration.

## II. Legal Standard

### A. Motion to Dismiss Pursuant to Rule 12(h)(3)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be

1

raised at any stage in the litigation, even after trial and the entry of judgment, Rule 12(h)(3).").
The determination of subject-matter jurisdiction "may be based on the court's review of the evidence." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

B.  **Exhaustion of the FTCA Presentment Requirement**

The Government enjoys sovereign immunity from suits for damages at common law, and the FTCA constitutes a limited waiver of this immunity. *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995). Specifically, the FTCA provides that the Government cannot be sued for money damage arising from personal injury allegedly caused by the negligence of a Government employee acting within the scope of his or her employment, "unless the claimant shall have first presented the claim to the appropriate Federal agency" for an administrative determination. 28 U.S.C. § 2675(a). This "requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

A claim is *presented* "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). The "claimant meets his burden if the notice (1) is sufficient to enable the agency to investigate and (2) places a sum certain value on her claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (internal quotation marks omitted). In other words, "no particular form or manner of giving such notice is required *as long as the agency is somehow informed of the fact of and amount of the claim.*" *Id.* (quoting *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) (emphasis in original). Because "no statement of legal theories is required [on a

2

Standard Form 95], only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts." *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996); *see also Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990). "In short, the amount of information required is 'minimal.'" *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)); *see also GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987) (holding that § 2675(a) requires a claimant to file "a written statement sufficiently describing the injury to enable the agency to begin its own investigation").

### III. Discussion

The Government argues that paragraph 24 of the Complaint contains theories of relief that must be dismissed because they were not encompassed by the Standard Forms 95 ("SF-95") that Mr. Holliday presented to the Veterans Administration prior to bringing suit.

Mr. Holliday submitted two Standard Forms 95 ("SF-95") to the Veterans Administration. The first SF-95, dated June 16, 2016, provided:

> Basis of Claim: Mr. Holliday was a patient at the Ralph H. Johnson VA Medical Center. He was being treated for a P.E. [pulmonary embolus] that occurred following prostate surgery 6 days earlier. He was given an enema, resulting in a fistula between the bladder and bowel. The fistula went undiagnosed for several weeks.
>
> Nature and Extent of Each Injury: Repair of the fistula required several surgeries and resulted in more complications.

(Dkt. No. 35-3 at 1.)

The second SF-95, dated March 27, 2017, provided:

> Basis of Claim: Following prostate surgery, Mr. Holliday was discharged without prescription for blood thinners despite known risk of clotting. He developed a pulmonary embolus, resulting in further hospitalization and a cascade of complications, some of which are the subject of a previously filed claim.

3

> Nature and Extent of Each Injury: Hospitalization for pulmonary embolus, development of recto-urinary tract fistula, medication reaction, multiple hospitalizations, and surgeries.

(Dkt. No. 35-4 at 1.)

The Government contends that these SF-95s do not present adequate notice of the following "theories of relief," as subsequently alleged by Plaintiffs in paragraph 24 of the Complaint:

> Notwithstanding these duties undertaken by the Defendant, the Defendant breached the duties to Paul Holliday by engaging in at least the following acts or omissions which deviated from and fell below the accepted standards of medical care:
> a) by failing to prescribe prophylactic anti-coagulant medications following the prostate surgery;
> b) by failing to alert hospital staff that urology should be consulted if any complications the prostate surgery failed [sic];
> c) by failing to consult with urology when Mr. Holliday was readmitted;
> d) by performing manipulation of tissues recently exposed to surgery; and
> e) in such other ways as the evidence may show.

(Dkt. No. 1 ¶ 24.)

The Court finds that the two SF-95s adequately presented Mr. Holliday's claim to the agency. Paragraph 24 of the Complaint provides factual allegations as to the Government's negligent medical treatment of Mr. Holliday following the prostate surgery and relating to the pulmonary embolism, the ensuing enema, and the resulting fistula and its treatment.[1] These are "based on the same operative facts" as were previously presented in the SF-95s' "Basis of Claim" and "Nature and Extent of Injury." *Wood v. United States*, 209 F. Supp. 3d 835, 840 (M.D.N.C. 2016) (denying Government's motion for summary judgment where "notice is sufficient to cause investigation where the factual predicate permits an agency to 'either

---

[1] In its August 30, 2017 agency denial of Mr. Holliday's claim, the Veterans Administration described the claim as presenting a "tort claim alleging negligent post-prostate surgery treatment, negligent treatment of pulmonary embolism and negligent administration of an enema, causing a fistula to result between the bladder and bowel." (Dkt. No. 41-2 at 2.)

4

reasonably assess its liability or completely defend itself'") (quoting *Drew v. United States*, 217 F.3d 193, 197 (4th Cir. 2000)); *see also Anderson v. United States*, No. 8:12-3203-TMC, 2016 WL 320076, at n.3 (D.S.C. Jan. 27, 2016) (noting that claim was denied by agency where "claim form did not include any facts" concerning the incident).

Accordingly, the Court finds that the SF-95s presented the agency with sufficient facts to put it on notice of the medical incident underlying Mr. Holliday's claim and, therefore, that Plaintiffs satisfied the administrative exhaustion requirement of the FTCA relevant to the theories of relief found in paragraph 24 of the Complaint.

## IV. Conclusion

For the foregoing reasons, the United States of America's partial motion to dismiss (Dkt. No. 35) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 1/, 2018
Charleston, South Carolina